### A. D. WOODWARD *v.* M. E. WOODWARD.

The husband, when appointed curator of his wife interdicted for insanity, is bound to give security for the faithful administration of her estate confided to his care.

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff,* J. J. *H. Muse,* curator *ad hoc,* appellant, *in pro. per.*

LAND, J. The question to be determined in this case is, whether the husband, when appointed curator of his wife interdicted for insanity, is bound to give security for his faithful administration of her estate confided to his care.

The law provides that the person interdicted is, in every respect, like the minor who has not arrived at the age of puberty, both as it respects his person and his estate; and the rules respecting the guardianship of the minor, concerning the oath, inventory, and the security, the mode of administering, sale of the estate, the commission on the revenues, the excuses, the exclusion or deprivation of the guardianship, the mode of rendering the accounts, and the other obligations, apply with respect to the curatorship of the person interdicted.. C. C. Art. 204.

The rules respecting the curatorship of minors require every tutor appointed or confirmed by the Judge, except the father or mother, to give good and sufficient security for the fidelity of his administration, in an amount equal to that of the credits, money and other movable effects stated in the inventory, and such other sum as the Judge may deem sufficient to cover any loss or damage which the tutor may occasion to the minor by his mal-administration. These rules further provide, that this security may be increased or diminished on the demand of the under-tutor or any relation of the minor, as the disposable funds of the estate may increase or diminish; and the only cases in which the tutor may be exempted from furnishing this security, are those in which he proves that he possesses within the State, real property, unincumbered with mortgages or other liens, of the value of double the sum fixed for the security, and those in which he gives a special mortgage on immovable unincumbered property, equal in value to the amount of the security required. C. C. 330, 331.

The husband is not exempted expressly by law from giving security for the faithful administration of the property of his wife, who has been interdicted for insanity, although he is entitled of right to the curatorship of her person and her estate; and if his duty to give security is tested by the rules respecting the tutorship of minors, he does not come within the exception of those rules, which dispense only the father and mother of the minor from giving the security required by law; for it cannot be said, that the relation of husband and wife, either in nature or in law, is the same as that of parent and child.

It is true, that the law provides that the wife may be appointed curatrix of her husband interdicted for insanity, and expressly dispenses her from giving security for her faithful administration. C. C. Art. 400.

But this provision is against, instead of being in favor of the pretentions of the husband; for if it was not the intention of the law maker to require security of the husband, why is he not expressly dispensed from the performance of that duty, in the same unequivocal manner that the wife has been, in the expression of the legislative will? The only answer is, that such was not the intention of the law-maker.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be amended, and that the curator, *A. J. W. Wortham*, the husband of the defendant, be required to give security in an amount equal to that of the credits, money, and other movable effects stated in the inventories of the property of the defendant, for his faithful administration of her estate ; and that the judgment of the lower court thus amended be affirmed, and that the costs of this appeal be paid out of the estate of the defendant.